UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT LEE BURNS, | ) |
| Plaintiff, | ) |
| | ) Case No. 2:12-CV-035 JD |
| v. | ) |
| DAVIES, *et al.*, | ) |
| Defendants. | ) |

OPINION AND ORDER

Robert Lee Burns, a *pro se* prisoner, submitted a complaint against five defendants pursuant to 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Burns alleges that while he was an inmate at the Lake County Jail, Officers Davies and Gaskey denied him medical care. Burns states that he was in pain because his toenails were ingrown and that one of his toes had turned black. He states that during several medical appointments, he asked various nurses if he could have clippers to cut his own toenails. Burns states that the nurses

said yes, but that Officers Davies and Gaskey said no. He also claims that as a result of being denied treatment, he subsequently required three surgeries to correct the medical problems with his toes.

In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Here, Burns has reasonably alleged that he had a serious medical need, but these facts do not support a claim of deliberate indifference by these two guards. There is no indication that the guards prevented the nurses from providing Burns with medical treatment – only that they prohibited him from handling the toenail clippers. Though it can be questioned whether toenail clippers presented a significant security threat, guards are "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986) (citation and quotation mark omitted). Because Burns was under the care of medical professionals, it was not deliberately indifferent for the guards to have prevented Burns from wielding the clippers himself. *See Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005).

The claims against the two nurses are different. Based on these allegations, they saw his toes; they heard his requests for medical treatment. Yet, they refused to provide him medical care on several occasions. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Here, Burns allegations are that Nurse Henning 1 and Nurse Henning 2 refused him any treatment for his painful, ingrown toenails. A condition which ultimately

required multiple surgeries. Though a prisoner "is not entitled to demand specific care [nor] entitled to the best care possible" *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997), he is entitled to necessary care for his serious medical needs. *See Gutierrez*, 111 F.3d at 1369. Though a "disagreement with medical professionals [does not] state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble*[, 429 U.S. 97 (1976),]" *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003), Burns is not disagreeing with the treatment he received – he is complaining that he did not receive any treatment at all. This states a claim against Nurse Henning 1 and Nurse Henning 2.

Finally, Burns states that when he filed grievances about being denied medical treatment, Sgt. Leto denied some of them and refused to respond to others. This does not state a claim. "[T]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance." *Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Moreover, a grievance officer's knowledge of his problems is not a basis for liability. The "view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate [his] claims, and then collect damages from all 1,000 recipients . . .." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). As *Burks* explains, "public employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. Thus, Burns does not state a claim against Sgt. Leto.

For the foregoing reasons, the court:

(1) **GRANTS** Robert Lee Burns leave to proceed against Nurse Henning 1 and Nurse Henning 2 in their individual capacities for monetary damages for denying him treatment for his alleged medical condition in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Officer Davies, Officer Gaskey, and Sgt. Leto;

(4) **DIRECTS** the clerk to transmit the summons and USM-285 forms for Nurse Henning 1 and Nurse Henning 2 to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Nurse Henning 1 and Nurse Henning 2; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Henning 1 and Nurse Henning 2 respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: January 28, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court