UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ROBERT LEE BURNS,                           )
                                            )
                Plaintiff,                  )
                                            )        Case No. 2:12-CV-035 JD
        v.                                  )
                                            )
NURSE HENNING 1, and NURSE HENNING 2,       )
                                            )
                Defendants.                 )

OPINION AND ORDER

Robert Lee Burns, a *pro se* prisoner, submitted an amended complaint, pursuant to 42 U.S.C.

§ 1983, naming two nurses whom he alleges denied him medical treatment. "A document filed *pro*

*se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,

94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A,

the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against

a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must

allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants

acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Burns alleges that while he was an inmate at the Lake County Jail, two nurses with the same

last name – Nurse Henning 1 and Nurse Henning 2 – saw his toes and heard his pleas for medical

treatment. Yet, they refused to provide him medical care on several occasions during 2011. He

alleges that as a result, his toe nails turned black and became so severely ingrown that they required

three surgeries to correct.

"For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Here, Burns allegations are that Nurse Henning 1 and Nurse Henning 2 refused him any treatment for his painful, ingrown toenails. Though a prisoner "is not entitled to demand specific care [nor] entitled to the best care possible" *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997), he is entitled to necessary care for his serious medical needs. *See Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Though a "disagreement with medical professionals [does not] state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble*[, 429 U.S. 97 (1976),]" *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003), Burns is not disagreeing with the treatment he received – he is complaining that he did not receive any treatment at all. This states a claim against Nurse Henning 1 and Nurse Henning 2.

Finally, the court needs to explain why it has taken so long for the defendants to get notice of this case. Burns filed this case on January 20, 2012. Four days later, he was granted leave to proceed *in forma pauperis* and assessed an initial partial filing fee of $8.58. Seven months later, he paid the initial partial filing fee. Unfortunately, the clerk did not docket the receipt of that payment for more than two months. On January 28, 2013, the court screened the case as required by 28 U.S.C. § 1915A and granted Burns leave to proceed against Nurse Henning 1 and Nurse Henning 2. However, on February 19, 2013, before the complaint was served, Burns asked for additional time to file an amended complaint due to difficulties he was having in the Cook County Jail. In response, the court stayed this case until Burns filed an amended complaint. Seventeen months later, on July

24, 2014, the clerk received the amended complaint that is the subject of this screening order. It is regrettable that this case has now been pending for thirty months. However, pursuant to Federal Rule of Civil Procedure 15(a) and in the interests of justice, it was necessary to permit Burns to file the amended complaint on which he is now proceeding. Nevertheless, because of the age of this case, the parties should expect that deadlines will be kept short and that where enlargements of time are necessary, they will be brief.

For the foregoing reasons, the court:

(1) **GRANTS** Robert Lee Burns leave to proceed against Nurse Henning 1 and Nurse Henning 2 in their individual capacities for compensatory and punitive damages for denying him medical treatment for his ingrown toenails in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk to transmit the summons and USM-285 forms for Nurse Henning 1 and Nurse Henning 2 to the United States Marshals Service along with a copy of this order and a copy of the amended complaint (DE 28);

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Nurse Henning 1 and Nurse Henning 2; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Henning 1 and Nurse Henning 2 respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: July 29, 2014

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court